UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNIE LITTLE,
2027 W Juneau Avenue
Apt. Lower Rear,
Milwaukee WI 53233

       Plaintiff,

  v.                                      Case No.

LEVY PREMIUM FOOD SERVICE
LLP d/ba LEVY RESTARUANTS
980 N. Michigan Ave. Ste. 400
Chicago IL 60611.

       Defendant.

## COMPLAINT FOR VIOLATIONS OF TITLE VII; DISPARATE TREATMENT AND HOSTILE WORKPLACE DISCRIMINATION

Now before the Court comes the Plaintiff Johnnie Little through his Attorney, Ryan Kastelic of Kastelic Law Office LLC., and states as follows:

1. The Plaintiff Johnnie Little is a resident of Milwaukee County and resides at 2027 W Juneau Avenue Apt. Lower Rear, Milwaukee WI 53233.

2. The Defendant Levy Premium Food Service LLP is a Limited Liability Partnership located at 980 N. Michigan Ave. Ste. 400 Chicago IL 60611.

3. Defendant operates the Motor Bar & Restaurant at the Harley Davidson Museum, located at 400 W. Canal St. Milwaukee WI 53201.

4. Mr. Little is a 37 year old African American male.

5. Johnnie Little was previously employed with Defendant as a server/bartender at the Motor Bar & Restaurant.

6. During his employment with Defendant Mr. Little was the only African American male employee employed by Defendant at the Motor Bar & Restaurant.

7. Despite some occasional disciplinary problems, Mr. Little was meeting the reasonable expectations of his employer.

8. In 2010 Mr. Little received a Levy Legend award for service above and beyond.

9. During his employment Mr. Little was unofficially made the lead server at the Motor Bar & Restaurant.

10. In February of 2011 Mr. Levin became Director of Operations for Defendant at the Harley Davidson Museum.

11. In April of 2011 Cathy Griswold, a member of the managerial staff, began harassing Mr. Little about minor details concerning his job performance.

12. Both Mr. Levin and Ms. Griswold generally behaved towards Mr. Little in an abrasive and confrontational fashion.

13. On April 26, 2011 Mr. Little called the Defendant's employee hotline and reported that he was being harassed by Cathy Griswold.

14. On May 20, 2011, Mr. Little again called the Defendant's employee hotline and stated that manager Levin was creating a hostile work environment.

15. On May 21, 2011, Mr. Little was accused telling a fellow co-worker to comp three drinks without manager approval. Mr. Little was subsequently terminated for theft. An adequate investigation was not conducted.

16. The termination citation description was limited to an alleged improper comp of customer drinks.

17. At a subsequent hearing for Unemployment Insurance former manager Scott Samuels, produced a sworn statement that Mr. Little had approached him and had asked for permission to comp both beverages on behalf of two war veterans. Mr. Samuels stated that he told Mr. Little to tell the other server to give both customers poker chips, exchangeable for free drinks.

18. A cursory investigation would have revealed that Mr. Little had in fact requested manager permission.

19. Since his termination from Defendant, Mr. Little has attempted to find gainful employment but has struggled since his employment with Defendant was terminated.

**Claim I: Mr. Little was subjected to disparate treatment by Defendant's managers on account of him being an African American male.**

20. Mr. Little incorporates through reference paragraphs 1 through 19.

21. Mr. Little received extra scrutiny than comparable employees.

22. Mr. Little was terminated under false pretenses.

23. Defendant unlawfully discriminated against Plaintiff on the basis of his race and status as a black male.

**Claim II: Defendant's agents created a hostile workplace environment.**

24. Mr. Little incorporates through reference paragraphs 1 through 23.

25. Defendant's agents acted in an aggressive confrontational and antagonistic fashion towards Mr. little, and created a hostile work environment.

26. Defendant's antagonism was focused primarily on Mr. Little, the only black male employee working for the Defendant at the Harley Davidson Museum.

Wherefore Mr. Little requests the following relief:

1. Full back pay with interest dating back to the date of Plaintiff's termination from employment with Defendant, which occurred on May 21, 2011.

2. Full compensation for Plaintiff's emotional distress suffered as a result of Defendant's conduct.

3. Full payment of Plaintiff's Attorney's fees and whatever costs the Court deems just.

Dated this 1 day of September, 2014.

/s/Ryan Kastelic
Ryan Kastelic
230 W. Wells St. STE 610
Milwaukee, WI 53203
Telephone: (414) 395-1624
Fax: (414) 395-0402
Bar No. 1079772